IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERRICK RAY, <br><br> Plaintiff, <br><br> v. <br><br> TATE & KIRLIN ASSOCIATES, INC., <br><br> Defendant. | Case No. 3:19-cv-00119 |

## COMPLAINT

NOW COMES Plaintiff, DERRICK RAY, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, TATE & KIRLIN ASSOCIATES, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCPA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. DERRICK RAY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1)

9. TATE & KIRLIN ASSOCIATES, INC. ("Defendant") is a foreign corporation with its principal place of business in Philadelphia, Pennsylvania.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

13. Defendant is a "third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(1).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 3130.

15. At all times relevant, Plaintiff's number ending in 3130 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. In or before October 2018, Plaintiff fell victim to Defendant's relentless collection call campaign attempting to collect $152.10 allegedly owed Just Energy Texas LP.

18. Upon information and belief, this debt allegedly owed Just Energy Texas LP is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Upon information and belief, this debt allegedly owed Just Energy Texas LP is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

20. Almost immediately, Plaintiff answered and was greeted by clear pause prior to being connected to Defendant's representative.

21. Plaintiff unfamiliar with Defendant, respectfully requested that Defendant stop calling.

22. Despite Plaintiff's request that they stop calling, Defendant continued to call Plaintiff's cellular telephone on no less than 12 occasions.

## DAMAGES

23. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

24. Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

## Violation(s) of 15 U.S.C. § 1692d(5)

26. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

>    (5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

27. Defendant violated 15 U.S.C. §§ 1692d and (5) by calling Plaintiff on no less than 12 occasions despite Plaintiff's demand(s) that they stop.

28. Defendant's behavior of repeatedly or continuously calling Plaintiff was abusive, harassing, and oppressive.

29. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d and d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

>    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. §§ 1692d and d(5);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Defendant placed or caused to be placed no less than 12 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

33. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

34. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

35. As a result of Defendant violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

36. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III:
### Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Tex. Fin. Code Ann. § 392.302(4)**

38. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

39. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by calling Plaintiff on no less than 12 occasions despite Plaintiff's demand(s) that they stop.

40. Defendant's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

January 15, 2019

Respectfully submitted,

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Derrick Ray*